803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELMER LLOYD, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN AFFAIRS, Defendant-Appellee.
 No. 85-1779.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1986.
 
 BEFORE: LIVELY, Chief Judge; MERRITT, Circuit Judge; and TIMBERS, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Elmer Lloyd appeals from judgment of the district court affirming the Secretary's denial of his application for social security disability benefits. At the time of his hearing Lloyd was 41 years old, had a high school education and had been employed as a construction worker. He claimed disability commencing in 1982 from carpal tunnel syndrome and pain in the back, neck, shoulders, left leg and left arm. Following a hearing the administrative law judge (ALJ) found that Lloyd was unable to return to his former employment, but that he retained "the residual functional capacity for at least the sedentary, unskilled jobs with a sit/stand option, which would not have repetitive use of the hands and arms, would involve minimal twisting, bending and stooping, have no repeated movement of the head, and would be low stress in nature." Following denial of Lloyd's request for review by the Appeals Council, the decision of the ALJ became the final decision of the Secretary. On appeal, the district court affirmed that decision.
 
 
 2
 On appeal Lloyd argues that a person who requires a sit/stand option cannot be found able to do sedentary work. He also contends that the ALJ improperly based his decision on application of the "grid," which is not permitted when nonexertional factors are involved. In addition, Lloyd contends that the vocational expert who testified that there were sedentary occupations available in the economy which permitted the limitations required by his condition was in error because the occupations recited by the vocational expert are not listed as sedentary in the Dictionary of Occupational Titles. This latter claim was not raised before the ALJ or the district court and is not properly before this court.
 
 
 3
 The ultimate question for this court to decide is whether the decision of the Secretary is supported by substantial evidence on the entire record. We conclude that it is. Several treating and examining physicians found that their neurological examinations of Lloyd were normal. Admittedly Lloyd had suffered back injuries, but following treatment for the injuries these doctors were unable to find any specific neurological basis for Lloyd's complaints. Only one physician out of five who examined and reported on Lloyd's condition concluded that he was disabled within the meaning of the Act.
 
 
 4
 The evidence supports the finding that Lloyd does not suffer from a compensable disability and, unless the ALJ misapplied the Act or regulations, the judgment of the district court should be affirmed. The court finds that the ALJ observed the procedures prescribed by this court in Wages v. Secretary, 755 F.2d 495 (6th Cir. 1985), in relying on the evidence of the vocational expert, that the hypothetical question to which the vocational expert replied that there were occupations available in the economy suitable to Lloyd's condition properly summarized the evidence, and that Lloyd's own testimony negated his claim of disability based on pain. In addition, we find that the ALJ did not base his determination on the grid, but merely used it as a "guide," as permitted by Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir. 1981).
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation